DELAVAN *v.* WRIGHT.

110    143
126     85

1. FRAUDULENT CONVEYANCES—CONSIDERATION.

A conveyance of land in consideration of the agreement of the grantee to pay a mortgage thereon, the amount of which, with interest, exceeded the value of the premises, and to provide a home for the grantor, will not be declared fraudulent as to a creditor of the latter, who, for two years thereafter, although he himself had knowledge of the transaction, left the grantee in ignorance of his claim.

2. STATUTE OF FRAUDS—PAROL AGREEMENTS AS TO LANDS—PART PERFORMANCE.

A parol agreement by a grantee to pay an incumbrance on the lands conveyed, and to provide a home for the grantor, may be taken out of the statute of frauds by part performance.

Appeal from Gratiot; Smith (Stearns F.), J., presiding. Submitted June 18, 1896.   Decided July 8, 1896.

Bill by Henry A. Delavan, administrator of the estate of Nicholas Demoray, deceased, against Charles E. Wright and Amanda Wright, to set aside a deed as in fraud of decedent's creditors.   From a decree for complainant, defendants appeal.   Reversed.

*B. H. & L. B. Sawyer*, for complainant.

*Stone & Salter*, for defendants.

HOOKER, J.   Nicholas Demoray, being the owner of a farm which was incumbered by a mortgage of $1,000 that he was unable to pay, and upon which interest for two years was due, to avoid the loss of his home through a threatened foreclosure, deeded the place to the defendants, upon the oral promise of Charles Wright to pay the debt secured by the mortgage, and to provide a home for Nicholas Demoray, who was then approaching 80 years of age, and his wife, for the remainder of their lives. The defendant Charles Wright paid the mortgage in part, and caused a friend to obtain it by assignment for him, and allowed Nicholas Demoray to remain upon the place until his death.   His widow lived there with her son for two years longer, when defendants let the farm, offering to Mrs. Nicholas Demoray a home in Illinois, or to furnish her a home by herself, which she declined to accept.   Defendants made some improvements upon the premises, and paid taxes and insurance, amounting, with the amount of the mortgage paid and assumed, to nearly $1,600.   Defendant Amanda Wright was the daughter of Nicholas Demoray, and wife of her codefendant.   The deed was executed and delivered February 4, 1888.   Nicholas Demoray died in 1890.

The complainant claimed to be a creditor, and was appointed administrator on or about October 24, 1893. Commissioners on claims were appointed, and the only claim filed was one by the complainant on a note; the amount claimed being $200.   It was admitted on the hearing of this cause that the claim was allowed by the commissioners.   This bill was filed under 2 How. Stat. § 5884, to reach the land in question, upon the ground that it was a fraud upon the complainant, who appears to have been the only creditor.

At the time the conveyance was made, and for two years thereafter, the defendants appear to have been ignorant of complainant's claim, although complainant learned of the conveyance soon after it was made.   Conflicting evidence was given as to the value of the premises, but in

our opinion the amount paid out and assumed by Wright, with interest, would exceed the sum that the premises are worth, without considering the question of his obligation to provide for Mrs. Nicholas Demoray for the remainder of her life.

The contention that this contract was void, because oral, cannot preclude the court from considering the equities of the parties under it, in view of the fact that the parties have entered upon the performance of it, and performed many, if not most, of its obligations. In our opinion, the complainant has failed to sustain his claim of fraud.

The decree of the circuit court is reversed, and the bill dismissed, with costs of both courts to be taxed against the complainant personally.

The other Justices concurred.